IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr591-MHT |
| | ) | (WO) |
| DONTA ANTKEDRICK HOOD | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Donta Antkedrick Hood.  For the reasons set forth below, the court finds that jury selection and trial, now set for May 11, 2026, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission

> of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

2

interest of the public and Hood in a speedy trial.  The government recently filed a superseding indictment, which added an additional charge against Hood.  Defense counsel has not yet had an opportunity to review the evidence underlying the new charge.   Defense counsel requires additional time to review the new evidence, consult with any relevant expert(s), and properly advise Hood of his options in light of this evidence.*  Considering these circumstances, the court finds that a continuance is necessary to ensure that both parties have sufficient time to either prepare effectively for a trial or resolve the case via a plea.  Also, the government does not oppose a continuance.

---

* In a May 4, 2026 hearing, the parties further argued, and the court agrees, that a continuance will also allow for a ruling to be issued in *United States v. Hemani*, No. 24-40137, 2025 WL 354982 (5th Cir. Jan. 31, 2025), *cert. granted*, 146 S. Ct. 326 (2025), which challenges the constitutionality of the statute Hood is charged with violating in count one of the indictment.

***

Accordingly, it is ORDERED as follows:

(1)  The unopposed motion to continue trial (Doc. 38) is granted.

(2)  The jury selection and trial, now set for May 11, 2026, are continued to August 3, 2026, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and other pretrial deadlines if appropriate.

DONE, this the 4th day of May, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE