IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )       CRIMINAL ACTION NO.
     v.                     )          2:25cr591-MHT
                            )             (WO)
DONTA ANTKEDRICK HOOD       )

## ORDER

This cause is before the court on defendant Donta Antkedrick Hood's unopposed oral motion to continue trial.  For the reasons set forth below, the court finds that jury selection and trial, now set for August 3, 2026, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission

of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and Hood in a speedy trial.  In April 2026, the government filed a superseding indictment, which added an additional charge against Hood.  Due to the sensitive nature of the evidence underlying the additional charge, the evidence cannot be transmitted electronically; and defense counsel must review the evidence in person and during business hours. Given these restrictive procedures, defense counsel requires more time to review the evidence, consult with any relevant expert or experts, and properly advise Hood of his options in light of this evidence.  Considering these circumstances, the court finds that a continuance is necessary to ensure that both parties have sufficient time to either prepare effectively for a trial or resolve the case via a plea.  Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

3

(1) The unopposed oral motion to continue trial (Doc. 50) is granted.

(2) The jury selection and trial, now set for August 3, 2026, are continued to November 16, 2026 at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and other pretrial deadlines if appropriate.

DONE, this the 14th day of July, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4