IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr591-MHT |
| | ) | (WO) |
| DONTA ANTKEDRICK HOOD | ) | |

ORDER

This cause is before the court on defendant Donta Antkedrick Hood's oral motion to continue trial, made during the status conference on September 3, 2026. For the reasons set forth below, the court finds that jury selection and trial, now set for November 16, 2026, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Hood in a speedy trial. In April 2026, the government filed a superseding indictment, which added an additional charge against Hood. Due to the sensitive nature of the evidence underlying the additional charge, defense counsel has had to review the evidence in person and during business hours at a government office. These restrictive procedures have created, and continue to create, an impediment to reviewing the evidence speedily. Additionally, based on her review of the evidence so far, defense counsel has decided to retain two experts for the trial, at least one of whom is not available until shortly before the current November trial date. Additional time beyond the current trial date is needed for the experts to meet with Hood, review the evidence, and prepare to testify at trial. There is no indication that defense counsel has not exercised due diligence. Considering

these circumstances, the court will grant a continuance to give defense counsel the reasonable time necessary for effective preparation for trial.

***

Accordingly, it is ORDERED as follows:

(1) The oral motion to continue trial (Doc. 63) is granted.

(2) The jury selection and trial, now set for November 16, 2026, are continued to January 11, 2027, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and other pretrial deadlines if appropriate.

DONE, this the 8th day of November, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE